UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON,<br><br>              Plaintiff,<br><br>       v.<br><br>KATHLEEN ALLISON, et al.,<br><br>              Defendants. | Case No. 1:21-cv-01316-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF No. 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.      BACKGROUND**

George Hamilton ("Plaintiff") is a state prisoner proceeding *pro se* with this action. This action was commenced on March 31, 2021.  On August 25, 2021, Plaintiff filed a motion for leave to proceed in forma pauperis.  (ECF No. 14).

The Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action.  The Court also finds that Plaintiff can afford to pay the filing fee for this action. Therefore, the Court will recommend that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiff be required to pay the filing fee of $402.00 for this action in full if he wants to proceed with this action.

\\\

\\\

1

**II.    PLAINTIFF HAS THREE-STRIKES AND WAS NOT IN IMMINENT DANGER WHEN HE FILED ACTION**

  a. Three-Strikes Provision of 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

  b. Analysis

    i. *Strikes*

Plaintiff initiated this action on March 31, 2021. (ECF Nos. 1 & 2). The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of Hamilton v. Tristan, E.D. CA, Case No. 1:11-cv-00788, ECF No. 12, in which District Judge Anthony W. Ishii found that Plaintiff had at least three "strikes" prior to filing the action. The action was filed on May 2, 2011. Id. at ECF No. 1. On appeal, the Ninth Circuit held that "the district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted…." 9th Cir., Case No. 12-15501, ECF No. 7, p. 1.

The Court also takes judicial notice of: 1) Hamilton v. Unknown, 9th Cir., Case No. 14-

15747, ECF Nos. 8 & 12 (Plaintiff's application to proceed in forma pauperis was denied because the appeal was frivolous, and the case was later dismissed for failure to prosecute because Plaintiff failed to pay the filing fee); [1] 2); Hamilton v. Ducart, 9th Cir., Case No. 16-16551, ECF No. 15 (dismissed as frivolous); 3) Hamilton v. Ehle, E.D. CA, Case No. 2:02-cv-00635, ECF No. 20 (dismissed for failure to state a claim); and 4) Hamilton v. Hernandez, N.D. CA, Case No. 4:02-cv-05602, ECF No. 63 (dismissed for failure to state a claim).

### ii. Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). See also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will

---

[1] If an application to proceed in forma pauperis is denied as frivolous by an appellate court, the case counts as a "strike" even if the appeal is not dismissed until later when the plaintiff fails to pay the filing fee. Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).

consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff's complaint involves allegations that he did not receive economic impact payments that he was supposed to receive. There are no allegations suggesting that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint.

As Plaintiff is a "three-striker" and was not in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

### III. PLAINTIFF CAN AFFORD THE FILING FEE FOR THIS ACTION

Plaintiff's application to proceed in forma pauperis was filed on August 25, 2021. (ECF No. 14). According to Plaintiff's Prisoner Trust Fund Account Statement, Plaintiff's balance as of the date of the last transaction was $767.91. (Id. at 11). Moreover, as of August 10, 2021, Plaintiff had $1,410.91 in his account. However, shortly before this application was filed, Plaintiff made two payments totaling $640. (Id.).[2]

Thus, approximately two weeks before Plaintiff filed this application he had $1,410.91 in his account, and as of the date of the last transaction he still had $767.91. Accordingly, the Court finds that Plaintiff, who is a state prisoner, can afford to pay the filing fee for this action.[3]

---

[2] In his objections to the finding and recommendations, Plaintiff may provide additional information as to why he made these payments right before filing his application to proceed in forma pauperis.

[3] The Court notes that the majority, if not all, of the funds in Plaintiff's account are from economic impact payment(s). However, Plaintiff has not cited to any law, and the Court is not aware of any, preventing pandemic stimulus payments from being included when determining whether a plaintiff can afford to pay the filing fee. Additionally, other courts in this district have included the funds when making the determination. See, e.g., Hammler v. Zydus Pharmacy, 2021 WL 3048380, at *1-2 (E.D. Cal. July 20, 2021) (considering the plaintiff's "economic impact payments" when determining that the plaintiff was "financially able to pay the filing fee");

**IV.    CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court finds that Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be DENIED; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

   Dated:   **September 2, 2021**                  /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE

---

<u>Corral v. California Highway Patrol</u>, 2021 WL 2268877, at *1 (E.D. Cal. June 3, 2021), <u>report and recommendation adopted</u>, 2021 WL 3488309 (E.D. Cal. Aug. 9, 2021) (considering the plaintiff's "pandemic stimulus payments" in determining that the "plaintiff has made an inadequate showing of indigency").