UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON,<br><br>        Plaintiff,<br><br>   v.<br><br>KATHLEEN ALLISON, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01316-AWI-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 14, 19)<br><br>ORDER REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN THIRTY DAYS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 24) |

      George Hamilton ("Plaintiff") is a state prisoner proceeding *pro se* with this action. This action was transferred to the United States District Court for the Eastern District of California on August 30, 2021, and the matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On September 3, 2021, the assigned magistrate judge entered findings and recommendations, recommending that "Plaintiff's application to proceed in forma pauperis be DENIED" and that "Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action." (ECF No. 19, p. 5).

      Plaintiff was provided an opportunity to file objections to the findings and recommendations. Plaintiff filed his objections on September 20, 2021. (ECF No. 23).

1

On September 20, 2021, after the Court issued its findings and recommendations, Plaintiff filed a motion for reconsideration of the Northern District of California's dismissal order and transfer order. (ECF No. 24). On September 23, 2021, Plaintiff filed a supplemental brief in support of his motion for reconsideration. (ECF No. 25).[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Plaintiff argues that this court does not have jurisdiction to enforce the orders entered in *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020), and asks that the case be transferred back to the Northern District of California. However, the Northern District has already ordered that this case be transferred to this district because the claims and defendants are not the same as those in *Scholl*. Instead, the majority of the defendants listed in Plaintiff's complaint work at Kern Valley State Prison, which is in this district. The Northern District held, before transferring this case to this court, that: "In *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020) this court found that the Department of Treasury and Internal Revenue Service could not withhold advance refunds or credits to individuals solely because they were incarcerated. *Id.* at 692. To the extent plaintiff requests to proceed with his claim in this court and the *Scholl* case, any such request is denied. Plaintiff's claims involve entirely different defendants located in the Eastern District of California. Plaintiff's claim involves interference by prison officials in plaintiff receiving his EIP, not the issuance of funds by the *Scholl* defendants and the CARES Act." (ECF No. 15, pgs. 1-2).

The Court sees no reason to depart from the Northern District's finding that Plaintiff's claims against the named defendants do not belong in the *Scholl* class action case. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court,

---

[1] Plaintiff sent these filings to the Northern District. However, they were transferred to the Eastern District and docketed on October 6, 2021.

2

1    or a higher court in the identical case.  The doctrine is not a limitation on a tribunal's power, but

2    rather a guide to discretion.  A court may have discretion to depart from the law of the case

3    where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has

4    occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances

5    exist; or 5) a manifest injustice would otherwise result.  Failure to apply the doctrine of the law of

6    the case absent one of the requisite conditions constitutes an abuse of discretion.") (citations and

7    internal quotation marks omitted).

8         In *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020) (*Scholl II*), *appeal dismissed*

9    (Dec. 11, 2020), the Northern District of California held that the CARES Act did not permit

10   incarcerated persons to be denied EIPs solely because of their incarcerated status:

> The court has determined above that the IRS's decision to exclude incarcerated individuals from receiving an EIP solely on the basis of their status as incarcerated individuals violated the APA.  The court finds that declaratory relief is a proper remedy for defendants' violation of the APA.  Thus, the court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated.  The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

17   *Id.* at 692.  The court then issued an injunction against "Defendants Steven Mnuchin, in his

18   official capacity as the Secretary of the U.S. Department of Treasury; Charles Rettig, in his

19   official capacity as U.S. Commissioner of Internal Revenue; the U.S. Department of the Treasury;

20   the U.S. Internal Revenue Service; and the United States of America," enjoining them from

21   "withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the

22   sole basis of their incarcerated status."  *Id.* at 692-93.

23        Plaintiff's claims in this case are not against the defendants in *Scholl*.  In *Scholl*, the

24   defendants were the Department of Treasury, IRS, and United States.  In this case, they are prison

25   officials who work for the California Department of Corrections and Rehabilitation.  Also, the

26   issues are different.  The injunction in *Scholl* concerned the denial of benefits under the CARES

27   Act to all incarcerated prisoners.  Here, the issue is the alleged withholding of debit card(s) that

28

1   were issued to Plaintiff by Kern Valley State Prison ("KVSP") officials.[2]

2   As to Plaintiff's eighth and ninth claims against KVSP officials, Plaintiff is bringing claims under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment of the Constitution. The Court has jurisdiction over these claims. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* and 1343(a)(3) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: [] To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.").

As to Plaintiff's request for appointment of pro bono counsel to address the jurisdictional issue, Plaintiff's request will be denied.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a <u>reasonable</u> method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has

---

[2] It appears that the majority of Plaintiff's complaint revolves around allegations that the defendants named in this action violated court order(s) issued in *Scholl*. The above analysis would appear to resolve such claims against Plaintiff. Plaintiff should consider the above analysis as he determines how or whether he wishes to proceed in this case.

4

reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Finally, as to Plaintiff's motion for reconsideration, it will be denied.

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (*Id.*) (citation and internal quotation marks omitted).

Plaintiff seeks reconsideration on under Federal Rule of Civil Procedure 60(b)(4) and 60(b)(6).

First, Plaintiff asks the Court to reconsider the dismissal order that was issued on July 30, 2021. However, the case was reopened on August 30, 2021. (ECF No. 15). Thus, there does not appear to be anything to reconsider.

Second, Plaintiff asks the Court to reconsider the transfer order. Plaintiff argues that the transfer order is void because the Eastern District lacks subject matter over jurisdiction over the *Scholl* action. However, assuming without deciding that Rule 60(b)(4) could have application to the transfer order, Plaintiff has not sufficiently shown that the order was void. As discussed

above, the Eastern District has jurisdiction over this action, which involves different defendants than the *Scholl* action.

As to Plaintiff's argument that the transfer order should be reconsidered under Rule 60(b)(6), Plaintiff has failed to show that he is entitled to relief under this section.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on September 3, 2021, (ECF No. 19), are adopted in full;
2. Plaintiff's application to proceed in forma pauperis, (ECF No. 14), is denied;
3. If Plaintiff wants to proceed with this action, Plaintiff shall pay the $402 filing fee in full within thirty (30) days of the date of service of this order;
4. If Plaintiff fails to pay the filing fee in full within thirty (30) days, this action will be dismissed without prejudice and without further notice;[3]
5. Plaintiff's request for appointment of pro bono counsel is denied; and
6. Plaintiff's motion for reconsideration, (ECF No. 24), is denied.

IT IS SO ORDERED.

Dated:   October 7, 2021                                            
                                                SENIOR  DISTRICT  JUDGE

---

[3] To reiterate, if Plaintiff wishes to proceed to litigate this action, he will be required to pay the filing fee. If Plaintiff does not wish to proceed with this action, he may either file a Rule 41(a)(1) voluntary dismissal or not pay the filing fee, which will result in the dismissal of this case.